A. T. DAMGUARD, as Administrator of the Estate of CLARA
A. DAMGUARD, *Appellant*, v. W. H. TUNNICLIFFE, as Re-
ceiver of the COMMERCIAL BANK & TRUST COMPANY of
West Palm Beach, *Appellee.*

Division A.

Opinion filed July 30, 1928.

*E. Harris Drew* and *Richard P. Robbins,* of West Palm
Beach, for Appellant.

*Winters, Foskett & Wilcox,* of West Palm Beach, for
Appellee.

STRUM, J.—In a proceeding in mandamus, a final judg-
ment was rendered in the court below quashing the alter-
native writ, assessing costs against the relator and dis-
missing the respondent without day. The relator has
attempted to bring the cause before this Court for review
by causing to be filed and recorded in the Minute Book of
the lower court a notice of entry of appeal in the form
applicable to chancery causes, as prescribed by Sec. 3172,
Rev. Gen. Stats. 1920; Sec. 4964, Comp. Gen. Laws, 1927.

Mandamus is an extraordinary common law remedy. If
a review by this Court of a final judgment in mandamus
is desired it should be brought here by appellate process
appropriate to common law actions. Such judgment can

not be brought to the Supreme Court for review by the filing and recording of a notice of entry of appeal. Such procedure is applicable only to chancery causes, and it not effective to invest this Court with appellate jurisdiction of either the subject matter of or the parties to a common law action. State ex rel. Martin v. Board of Commissioners of Hillsborough County, 80 Fla. 332, 86 So. R. 206; Hagan v. State ex rel. Williams, 85 Fla. 27, 95 So. R. 617.

A general appearance of the parties in this Court does not cure the lack of jurisdiction of the subject matter, nor will Chap. 11890, Acts of 1927, avail to remedy the matter, since the deficiency here involved is not merely one of procedure, but is jurisdictional.

Dismissed.

ELLIS, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion and judgment.